UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60472-CIV-LENARD
MAGISTRATE JUDGE P. A. WHITE

KEITH J. POWELL,                :

    Plaintiff,             :

v.                              :
                                              REPORT OF
JUDGE STANTON KAPLAN, ET AL., :   MAGISTRATE JUDGE

    Defendants.            :
_____

## I. Introduction

On April 2, 2008, Keith J. Powell, currently housed at the Broward County Stockade, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 [DE# 1] seeking damages and other relief based on his allegation that the Circuit Court in Broward County has not processed his post-conviction petition filed in 2005. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                                                * * *

>      (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that -
>
>           *   *   *
>
>      (B) the action or appeal -
>
>           *   *   *
>
>      (i)  is frivolous or malicious;
>
>      (ii) fails to state a claim on which
>      relief may be granted; or
>
>      (iii) seeks monetary relief from a
>      defendant who is immune from such
>      relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names the following defendants:

1. Judge Stanton Kaplan

2. Kelly Bader, Esq. (Public Defender)

3. John Doe (State Attorney)

4. Howard C. Forum, Clerk of Court

The plaintiff alleges that on or about July 6, 2005 he filed a state post-conviction motion challenging the effectiveness of his defense counsel in connection with his guilty plea. He states that Judge Kaplan issued a show cause order on July 14, 2005, but the state never responded. He claims that hr subsequently filed inquiries, a request for hearing and a demand for speedy trial in February, 2008 and he has received no response from the state court. He seeks monetary damages "for the stated negligent acts of all officials involved."

The plaintiff raises claims against defendants who are immune form suit or that do not act under color of state law. Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here (claims for injunctive relief, and suits involving judges' administrative, legislative, or executive functions). Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Wahl v. McIver, 773 F.2d 1169 (11 Cir. 1985). Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be

malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done pursuant to bribe or conspiracy. Forrester v. White, supra; Cleavinger v. Saxner, 474 U.S. 193 (1985); Pierson v. Ray, supra.

The plaintiff has not alleged any facts that demonstrate any cause to remove Judge Kaplan's cloak of immunity.

Clerks of court and their agents are be entitled to qualified immunity from liability if they were acting pursuant to their lawful authority and following in good faith the instructions or rules of the court and were not in derogation of these instructions or rules. Henriksen v. Bentley, 644 F.2d 852, 854-56 (10 Cir. 1981); McLallen v. Henderson, 492 F.2d 1298 (8 Cir. 1974); McCray v. Maryland, 456 F.2d 1, 3-5 (4 Cir. 1972).  The courts have generally held that deliberate indifference rather than negligence is required for the imposition of liability in suits for damages involving deprivation of access to the courts, including those actions alleging clerical liability. Kincaid v. Vail, 969 F.2d 594, 602, n. 10 (7 Cir. 1992) (§1983 action against state court clerks alleging that, by refusing to file inmates' complaint, clerks had deprived them of their constitutional right of access to the courts); Crawford-El v. Britton, 951 F.2d 1314, 1328 (D.C. Cir. 1991) (intentional interference with access to court violates constitution); Gregory v. Nunn, 895 F.2d 413, 415 (7 Cir. 1990) (district court erred in dismissing case on grounds that plaintiff had alleged only negligent deprivation of access to courts, where plaintiff had sufficiently alleged intentional deprivation).

The plaintiff has not alleged any facts alleging that Forum violated his constitutional rights, let alone act with deliberate indifference.  Therefore, he is immune from suit.

The plaintiff cannot raise a claim of against the public defender. State public defenders and their assistants do not act under color of state law, and therefore are not subject to suit under 42 U.S.C. §1983. <u>Polk County v. Dodson</u>, <u>supra</u>. The defendant Bader, against whom the plaintiff raises no claims of wrongdoing other than his passing reference to ineffective assistance, is not amenable to suit in this action under §1983.

The plaintiff's claim for damages for any acts that the State Attorney may have committed within the scope of his official duties is subject to dismissal, because the state prosecutor and his assistants are absolutely immune from a §1983 suit for damages. <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). Absolute prosecutorial immunity is not defeated by showing that a prosecutor acted wrongfully or even maliciously.

### III.  Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted, and this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 22nd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

c:    Keith J. Powell, <u>Pro Se</u>
       No. 120800307
       Broward County Stockade
       5400 N.W. 9th Avenue
       Ft. Lauderdale, FL 33309